## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| MCLAWRENCE FULLER | * | CIVIL ACTION NO.  17-0408 |
| VERSUS | * | JUDGE S. MAURICE HICKS, JR. |
| D. L. PETERSON TRUST CO., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss removal and remand the matter to state court, plus an associated request for costs, fees, and penalties [doc. # 6] filed by defendant-in-interpleader McLawrence Fuller.  For reasons set forth below, it is recommended that the motion be DENIED, in its entirety.

### Background

On September 27, 2010, McLawrence Fuller sustained injuries in a three vehicle traffic accident.  On September 20, 2011, S. P. Davis, Sr. of the Davis Law Office, L.L.C. filed suit on behalf of Fuller in the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana to recover damages for injuries his client sustained in the accident.  Named defendants included Adam Keys, D. L. Peterson Trust Co., National Union Fire Insurance of Pittsburgh, and National Oilwell Varco.

Following a three-day jury trial in March 2015, on the issue of damages only, S. P. Davis, Sr. of the Davis Law Office, L.L.C., obtained a $375,835.58 judgment in favor of his client, including an award of interest, costs, expert witness fees, and medical record fees. Dissatisfied with the result, plaintiff filed a JNOV, which the trial judge granted, and increased

plaintiff's general damage award from $155,000 to $1,200,000.

Both defendants and plaintiff appealed the judgment to the Louisiana Court of Appeal for the Second Circuit. On June 22, 2016, the second circuit reversed the trial court's JNOV, reinstated the jury verdict, and assessed costs of the appeal against plaintiff. *See Fuller v. D.L. Peterson Trust Co.*, 197 So.3d 244 (La. App. 2d Cir. 2016), *writ denied*, 208 So.3d 369 (La. 1/9/17). Plaintiff's request for rehearing was denied on August 4, 2016. *Id.* Thereafter, on January 9, 2017, the Louisiana Supreme Court denied Fuller's writs of certiorari and review. *Id.*

During the course of the litigation, defendants became aware that various persons and entities had asserted liens for sums paid on behalf of, or for services rendered to Fuller pertaining to this case. For instance, the DeSoto Parish School Board asserted a lien for $12,183.01 in benefits paid to Fuller. United Healthcare asserted an ERISA lien in the amount of $104,885.76 for medical care received by Fuller. The Centers for Medicare Services, Department of Health and Hospitals, asserted a lien in the amount of $2,484.50 for benefits provided to Fuller. Also, Fuller's medical experts, Drs. Mody, Ferrell, and Martinez, asserted liens for their unpaid fees, and a claim for attorney's fees and expenses rendered by the law office of Jack M. Bailey, Jr. to recover same. In fact, the medical experts filed a separate suit to collect their fees, which remains pending in the First Judicial District Court for the Parish of Caddo, State of Louisiana.

Finally, defendants became aware that the United States of America, Internal Revenue Service, had asserted a lien, levy, and/or privilege on any fees recovered by Fuller's attorney, S.P. Davis, Sr. Defendants believed that S. P. Davis, Sr. had a contingency fee agreement with his client, and therefore, enjoyed a privilege for legal fees of up to 40 percent of the judgment (i.e., $180,000), plus expenses.

Because of the potentially conflicting and/or overlapping claims to the judgment

proceeds, on February 8, 2017, the original defendants in the underlying action filed a petition

for concursus in the personal injury suit.  The pleading listed ten defendants-in-concursus:

DeSoto Parish School Board; United Healthcare; Centers for Medicare Services, Department of

Health and Hospitals; McLawrence Fuller; S. P. Davis, Sr.; United States of America, Internal

Revenue Service; Dr. Milan Mody; Dr. Jack Ferrell; Dr. Jorge Martinez; and the Law Offices of

Jack M. Bailey, Jr., a professional law corporation, APLC and Jack M. Bailey, Jr.

On February 10, 2017, the state court entered an order that, *inter alia*, permitted

plaintiffs-in-concursus to deposit the sum of $429,502.84 into the court's registry; prohibited

defendants-in-concursus from collecting any additional interest; enjoined defendants-in-

concursus from prosecuting claims in any other court associated with the funds deposited in the

registry; and discharged the plaintiffs-in-concursus from any further liability in the matter.

(Notice of Removal, Exhs.).

On March 16, 2017, the United States removed the matter to federal court pursuant to 28

U.S.C. §§ 1442(a)(1) and 1444.[1]  On April 7, 2017, McLawrence Fuller (plaintiff in the

underlying personal injury suit and now one of the defendants-in-concursus) filed the instant

motion to dismiss the removal and to remand the matter to the 42nd Judicial District Court,

DeSoto Parish, State of Louisiana.  The United States, plaintiffs-in-concursus, and the medical

expert defendants-in-concursus (plus their attorney) filed oppositions to the motion to

remand/dismiss.  [doc. #s 16, 18, 19].  Movant did not file a reply and the time to do so has

---

[1]  On April 28, 2017, the undersigned granted the United States' motion to transfer the
funds ($429,502.84) on deposit in the registry of the state court to this court.  (April 28, 2017,
Order [doc. # 14]).

lapsed.  *See* Notice of Motion Setting [doc. # 8].  Thus, the matter is ripe.

## Analysis

Defendant-in-concursus/interpleader, McLawrence Fuller, advances several arguments in support of remand/dismissal.  Fuller first asserts that because he entered into a contingency fee agreement with the Davis Law Office, L.L.C., and *not* S. P. Davis, Sr., the United States does not have a valid claim to the funds stemming from its tax lien lodged against S. P. Davis, Sr., and therefore, that removal was improper.  Second, Fuller contends that the instant concursus proceeding is not available because under Louisiana law he cannot be impleaded where, as here, his underlying personal injury claim was prosecuted to final judgment.  Finally, Fuller asserts that venue was not proper in De Soto Parish where he is domiciled and obtained a favorable judgment, but instead, lies in Caddo Parish where the medical expert defendants-in-concursus filed liens to recover their expert witness fees.  Thus, he petitions the court to "transfer" this matter to Caddo Parish to be consolidated with the related suit pending there.

Fuller's first two arguments implicate the court's removal and subject matter jurisdiction.  As recounted earlier, the United States removed this matter to federal court under both the federal officer/agency removal statute, 28 U.S.C. § 1442(a)(1), and the federal foreclosure/lien priority removal statute, 28 U.S.C. § 1444.  The former provision confers an independent jurisdictional foundation for cases involving federal officers or agencies, even where a district court otherwise would not enjoy jurisdiction.  *See IMFC Prof'l Servs. of Florida, Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir.1982) (citation omitted).  Furthermore, removal under § 1442(a)(1) should not be frustrated by a "grudgingly narrow interpretation" of the statute.  *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397–98 (5th Cir.1998)

(citations omitted). In fact, § 1442 allows removal of the entire case, not just the claims against the federal officer or agency. *IMFC Prof'l Servs. of Fl., Inc., supra*.

Here, one of the defendants-in-concursus is the Centers for Medicare Services ("CMC"), which, as a component of the Department of Health and Hospitals, constitutes an agency of the United States. *Sorrell v. Lakeview Reg'l Med. Ctr.*, No. 11-3084, 2012 WL 3109406, at *2 (E.D. La. July 30, 2012). Also, a concursus proceeding is a civil action for purposes of removal under § 1442. *Id.* (*citing Citizens Nat. Bank, N.A. v. U.S. ex rel. I.R.S.*, 455 Fed. Appx. 498, 499 (5th Cir.2011)). Thus, the court enjoys removal jurisdiction. *Sorrell, supra*.[2]

In addition, the United States removed the case under 28 U.S.C. § 1444, which authorizes the removal of any action brought under 28 U.S.C. § 2410 against the United States in state court.[3] The Fifth Circuit has recognized that "1444 confers a substantive right to remove, independent of any other jurisdictional limitations." *City of Miami Beach v. Smith*, 551 F.2d 1370, 1374 n.5 (5th Cir.1977) (citations omitted). Once the applicability of § 2410(a) is established, so is federal subject matter jurisdiction on the basis of § 1444. *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 629 (5th Cir. 2002).

---

[2] Furthermore, case law supports the proposition that the naming of the I.R.S. as a defendant-in-concursus also authorizes removal under § 1442. *See Citizens Nat. Bank, N.A., supra*.

[3] Section 2410 provides, in pertinent part, that,
[u]nder the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter. . . of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.
28 U.S.C. § 2410(a)(5).

Congress specifically passed § 2410 to waive the United States' sovereign immunity so

private parties could hale the government into court *inter alia* to quiet title or to resolve priority

of liens or mortgages. *Hussain, supra*. Thus, suit must be brought in strict conformity with the

waiver of sovereign immunity. *Id*. Nonetheless, "when the priority of a presently existing lien

interest of the government is in dispute, and the question is whether § 2410(a) applies to the type

of relief sought, the statute has been read much more expansively." *Id*.

To come within the scope of § 2410 and thereby § 1444, a state court case, at minimum,

must constitute an interpleader action to which the government has been named a party. *See*

*Hussain*, 311 F.3d at 630-631. As the Fifth Circuit explained,

> [a] traditional interpleader suit is an equitable action available to a plaintiff-
> stakeholder who is, or may be, exposed to multiple liability or multiple litigation,
> usually when two or more claims are brought that are mutually inconsistent. The
> purpose of interpleader is to enable the plaintiff-stakeholder to avoid the burden
> of unnecessary litigation or the risk of loss by the establishment of multiple
> liability when only a single obligation is owing. Thus, traditionally the claims of
> the defendant claimants must be mutually exclusive and adverse to one another
> such that one claimant's gain in the stake would be another claimant's loss.

*Hussain, supra* (citations and internal quotation marks omitted).

Further, "a plaintiff-stakeholder may employ interpleader when its liability is limited and the

combined claims are in excess of such limited liability, even though not mutually exclusive." *Id*.

The foregoing characteristics of an interpleader are present here. A concursus is

Louisiana's version of an interpleader. *Hussain*, 311 F.3d at 633. Moreover, the plaintiffs-in-

interpleader owe a single obligation to the judgment creditor, but multiple parties have asserted

claims or liens regarding that sum. Certainly, if, as it appears, Fuller is contesting the right of

other defendants-in-interpleader to obtain reimbursement for their claims and liens, then the total

claims (combined with Fuller's) exceed the amount in the fund and the claims are adverse. *See*

*Hussain, supra*.  Consequently, at its inception, the plaintiffs-in-interpleader harbored a bonafide fear of multiple litigation sufficient to warrant the instant interpleader as contemplated by § 2410(a)(5).

Fuller, however, contends that the United States' lien does not implicate the funds at issue because the United States' lien attached to the property of *S. P. Davis, Sr.*, whereas Fuller executed a contingency agreement with the *Davis Law Firm, L.L.C.*[4]  However, the I.R.S. is permitted to levy an L.L.C. to reach the distributions due to a member tax debtor.  *See Wolfe v. United States*, 798 F.2d 1241, 1245 (9th Cir.1986), *opinion amended on denial of reh'g*, 806 F.2d 1410 (9th Cir.1986) (citing 26 U.S.C. § 6331).  Furthermore, a corporate entity may be pierced when the entity is being used to evade the payment of taxes.  *See Valley Fin., Inc. v. United States*, 629 F.2d 162, 171 (D.C. Cir.1980).

Under Louisiana law, whether an L.L.C. is an alter ego of its members is primarily a factual finding.  *Fausse Riviere, L.L.C. v. Snyder*, 211 So.3d 1188, 1193 (La. App. 1st Cir. 2015).  However, before finally resolving this issue, the government should be permitted to conduct discovery to determine whether the Davis Law Firm, L.L.C. is the alter ego of S. P. Davis, Sr., such that the I.R.S.'s lien may reach the fees to be paid the firm (and ultimately Davis himself) from the judgment proceeds.  Therefore, absent unanimous and amicable agreement regarding disbursement of funds to any other claimant(s) herein, the parties should focus their initial discovery resources upon the viability of the government's tax lien to the subject funds, as

---

[4]  The United States asserts that Fuller does not have standing to raise this argument on behalf of another party.  The court disagrees. At minimum, the issue implicates the court's removal and subject matter jurisdiction, which impacts not only Fuller, but also all other parties in the case.

well as whether the CMC has a claim to the funds for reimbursement of medicare expenses incurred on Fuller's behalf.

Further, the court rejects Fuller's alternative argument that the instant action transgresses Louisiana's concursus laws proscribing the impleading of a claimant whose claim has been prosecuted to judgment. La. Code of Civ. Pro. Art. 4652. In a case procedurally akin to the one at bar, the Fifth Circuit considered the effect of Article 4652's restriction on concursus proceedings against claimants who have prosecuted their claims to judgment, but found that the matter did not fall within its scope. *Hussain, supra*.[5] In so holding, the court stressed that none of the dangers that accompany post-judgment interpleader were present. *Id*. Rather, the remaining issues concerned substantive questions of priority which would have arisen regardless. *Id*. Moreover permitting the action to proceed actually benefitted the judgment creditor because it preempted separate, possibly conflicting or even piecemeal litigation over the funds. *Id*.

The same circumstances and rationale at play in *Hussain* are present in this case, thereby impelling the undersigned to conclude that Article 4652 does not bar the instant proceeding.

Fuller further contends that the concursus was brought in the wrong state court venue and therefore, this court is required to "transfer" the case to the 1st Judicial District Court for the Parish of Caddo, State of Louisiana. However, the undersigned has determined that, at least for now, the United States properly removed this case to federal court such that the court may

---

[5] Last year, the Fifth Circuit reaffirmed the maxim that the niceties and vagaries of each state's procedural rules should not govern the instances when suits may be removed to federal court. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202–03 (5th Cir.2016). In *Hussain*, however, the Fifth Circuit considered Louisiana's Article 4652 within the context of the Full Faith and Credit Act, which requires federal courts to grant the same preclusive effect to a state court judgment as the state court. *Hussain*, 311 F.3d at 635.

entertain the matter.  As such, the court has a "virtually unflagging obligation" to exercise the

jurisdiction conferred.  *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir.

2000).  Moreover, the removal statutes fix venue in this district and division, which happens to

encompasses both Caddo and DeSoto Parishes.  *See* 28 U.S.C. §§ 1442(a) and 1444.  Thus,

removal cured any error.[6]

Finally, Fuller seeks an award of costs, fees, and penalties under Louisiana Code of Civil

Procedure Article 4659.  Assuming, without deciding, that Article 4659 remains applicable

following removal to federal court, the article authorizes the court to award costs of the

proceeding in favor of the successful claimant and against any claimant who contested the

successful claim.  Here, Fuller has yet to succeed on his claim to the funds.  Thus, any request to

assess costs is premature at this time.

### Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that McLawrence Fuller's motion to dismiss removal and

remand the matter to state court, plus his associated request for costs, fees, and penalties [doc. #

---

[6] In their brief, the medical expert claimants urge the court to order the removal of their related state court case.  However, the supplemental jurisdiction statute confers supplemental jurisdiction over certain claims and parties in the same suit; it does not confer jurisdiction over a a separate suit.  *See* 28 U.S.C. § 1367.  Indeed, if the medical experts' related suit *were* to be removed to federal court, it likely would be effected pursuant to 28 U.S.C. § 1441, which requires original, not supplemental jurisdiction.  Further, § 1441 only authorizes removal by a defendant or defendants, not by plaintiffs or by the court.  *See Renegade Swish, L.L.C. v. Wright*, ____ F.3d ___, 2017 WL 2222564, at *5 (5th Cir. May 22, 2017).

Of course, insofar as the medical experts enjoy viable claims to the interpleaded funds, they certainly are free to assert those claims in this proceeding.  In the interim, prior to removal, the state court entered an order staying all related cases. The order remains in effect.  28 U.S.C. § 1450.

6], be DENIED, in its entirety.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 6th day of June 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE