UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MCLAWRENCE FULLER** | * | **CIVIL ACTION NO. 17-cv-0408** |
| **VERSUS** | * | **DISTRICT JUDGE HICKS** |
| **D.L. PETERSON TRUST CO., ET AL** | * | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR SANCTIONS**

MAY IT PLEASE THE COURT:

This Memorandum is submitted to behalf of Defendants-in-Concursus, S.P. Davis, Davis Law Office, and McLawrence Fuller, in opposition to a Motion for Sanctions filed by Plaintiffs-in-Concursus, Adam M. Keys, National Oilwell Varco, L.P., D.L. Peterson Trust Co., and National Union Fire Insurance Company of Pittsburgh, PA. For the reasons set forth more fully below, Plaintiffs-in-Concursus Motion for Sanctions should be DENIED, and Defendants-in-Concursus should be awarded reasonable attorney's fees for defending against unreasonable and vexatious motion.

**Law and Argument**

**A.      Plaintiffs-in-Concursus Failed to Satisfy the Prerequisites of Rule 11**

A "sanction under Rule 11 is 'an extraordinary remedy,' one to be exercised with extreme caution." *SortiumUSA, LLC v. Hunger*, 2014 U.S. Dist. LEXIS 35920, 2014 WL 1080765, *3 (N.D. Tex. 2014).

1

Rule 11(c) outlines the process by which attorneys may seek sanctions for violations of Rule 11(b). Section (c) specifically provides for a safe harbor provision wherein "[t]he motion must be served [on the opposing party] under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service. . ." Fed. R. Civ. P. 11(c). In stressing the importance of this safe harbor provision, the 1993 Committee Notes for Rule 11 state that the purpose of the safe harbor provision is "[t]o stress the seriousness of a motion for sanctions and to *define precisely* the conduct claimed to violate the rule." Fed. R. Civ. P. 11 Adv. Comm. Notes, 1993 Amend. (emphasis added).

The Fifth Circuit strictly construes the procedural requirements of the safe harbor provision outlined in Rule 11(c). *Elliott v. Tilton*, 64 F.3d 213 (5th Cir. 1995). "When sanctions are sought to be opposed on motion and not the court's own initiative, the 21-day safe harbor provision is a <u>mandatory prerequisite</u> to filing." *Celestine v. PNK Lake Charles, LLC*, 2014 U.S. Dist. LEXIS 145597 *8 (W.D. La. 2014).

Accordingly, Plaintiffs-in-Concursus were required to serve their motion at least 21 days before filing it in order to give Defendants-in-Concursus a chance to withdraw the alleged "vexatious motion." Plaintiffs-in-Concursus disingenuously assert that their Motion, Memorandum of Law, and Exhibits were served on counsel for Davis Law Office, L.L.C., S.P. Davis, Sr., and McLawrence Fuller on August 15, 2018 via email. (Rec. Doc. 124). As shown by the attached affidavits, (Exhibits 1 & 2) <u>no such service</u> was made upon counsel for the Davis Law Office, LLC or upon S.P. Davis, Sr. Plaintiffs-in-Concursus failed to comply with the mandatory prerequisites of Rule 11 and that failure is fatal to

their motion. *See Elliot*, 64 F.3d at 216.

**B.    Neither Defendants-in-Concursus Nor Counsel Have Multiplied These Proceedings Unreasonably or Vexatiously**

28 U.S.C. § 1927 provides in pertinent part that:

Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"The Fifth Circuit . . . counsels courts to impose these sanctions with caution." *Celestine* at *9. "To prevent the courts from dampening 'the legitimate zeal of an attorney representing her client,' the Fifth Circuit has interpreted § 1927 as penal and construes it in favor of the sanctioned party." *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991); *see also, Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416 (5th Cir. 1994); *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994). An award of attorney's fees should only be awarded if a party multiplies the proceedings unreasonably and vexatiously. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010); *Manton v. Strain*, 2011 U.S. Dist. LEXIS 27539, 2011 WL 1000964, *6 (E.D. La. 2011). This standard, which "focuses on the conduct of the litigation and not on the merits, requires clear and convincing evidence that every facet of the litigation was patently meritless and evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Id* at *6. "Punishment under this section, however is 'sparingly applied, and except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in.'" *Butler v. Rapides Foundation*, 365 F. Supp. 2d 787, 796 (W.D. La. 2005) (quoting *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521,

3

535 (5th Cir. 1996).

An attorney's actions are unreasonable for purposes of § 1927 when he has failed to comply with an objective standard of reasonableness under the circumstances. *Trinity Gas Corp. v. City Bank & Trust Co. of Natchitoches*, 54 F. App'x 591 (5th Cir. 2002). An attorney's action is vexatious when it is undertaken primarily for the purpose of harassment or in order to annoy or embarrass. *United States ex rel. Rafizadeh v. Continental Common, Inc.*, 553 F.3d 869, 875 (5th Cir. 2008). Vexation implies something broader than bad faith or intent to harass. To "vex" is defined among other things as "to bring trouble or distress to," "to subject to mental suffering," or "to irritate or annoy," and well as "to tease or torment." *Ratliff v. Stewart*, 508 F.3d 225, 235 n. 13 (5th Cir. 2007), citing Webster's Third New International Dictionary of the English Language 2548 (1981).

In the present case, as set forth in their Motion for Deposit of Additional Funds (Rec. Doc. 103), there are both facts and law supporting the arguments of Defendants-in-Concursus that Plaintiffs-in-Concursus failed to deposit the correct amount of interest owed on the underlying judgment, and it is an issue to be properly decided by the Court. There is no evidence that of bad faith, improper motive, or reckless disregard of the duty owed to the Court. Further, Plaintiffs-in-Concursus have not alleged that Defendants-in-Concursus failed to comply with an objective standard of reasonableness given the circumstances surrounding the case at bar. The allegations contained in Plaintiffs-in-Concursus' brief amount to nothing more than a showing of zealous advocacy on the part of the attorney for Defendants-in-Concursus.

### C. Defendants-in-Concursus Are Entitled to Reasonable Attorney's Fees Pursuant to Rule 11 and § 1927

Rule 11 provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Here, an award of expenses, including attorney's fees, is warranted. Not only did Plaintiffs-in-Concursus not comply with Rule 11, they falsely stated to the Court that they had provided Defendants-in-Concursus with copies of their motion pursuant to the safe harbor provision when, in fact, no such correspondence was ever received. *See* Exhibits 1 & 2.

As mentioned above, Plaintiffs-in-Concursus blatantly ignored the procedural requirements of Rule 11 by failing to serve a "file-ready" motion, accompanying memorandum, and any exhibits on Defendants-in-Concursus. Given this complete lack of compliance with the procedural requirements of Rule 11, Plaintiffs-in-Concursus' Rule 11 motion does nothing more than unreasonably multiply the proceedings and needlessly increase the cost of litigation. In addition, Plaintiffs-in-Concursus relied on false and unsupported assertions of fact as well as legally flawed arguments. Defendants-in-Concursus therefore seek attorneys' fees and costs in defending against this frivolous request for sanctions pursuant to both Rule 11 and 28 U.S.C. § 1927.

### Conclusion

For the reasons set forth above, Plaintiffs-in-Concursus respectfully request that the Court deny Defendants-in-Concursus' motion (Rec. Doc. 124) and award Plaintiffs-in-Concursus reasonable attorneys' fees in defending the frivolous motion.

Respectfully submitted,

**STROUD, CARMOUCHE & BUCKLE, PLLC**

BY:   A.M. Stroud, III
      A.M. Stroud, III, Bar No. 12548
7330 Fern Avenue, Suite 903
Shreveport, Louisiana 71105
Phone: (318) 629-0014
Fax: (318) 404-1571

**ATTORNEYS FOR DAVIS LAW OFFICE, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was this date filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

Signed in Shreveport, Louisiana on this 28th day of September, 2018.

                                                 /s/ A.M. Stroud, III
                                                 OF COUNSEL

Case 5:17-cv-00408-SMH-KLH   Document 126   Filed 09/28/18   Page 7 of 7 PageID #: 1220

7