UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MCLAWRENCE FULLER                                    CIVIL ACTION NO. 17-0408

VERSUS                                               JUDGE S. MAURICE HICKS, JR.

D.L. PETERSON TRUST CO., ET AL.                      MAGISTRATE JUDGE HAYES

**MEMORANDUM RULING**

Before the Court is a Motion for Sanctions (Record Document 124) filed by Plaintiffs-in-Concursus, Adam M. Keys, National Oilwell Varco, L.P., D.L. Peterson Trust Company and National Union Fire Insurance Company of Pittsburgh, PA (collectively "Plaintiffs-in-Concursus" or "Defendants"). Defendants request the Court to impose sanctions against S.P. Davis, Sr., the Davis Law Office, L.L.C., and McLawrence Fuller (collectively "Defendants-in-Concursus" or "Plaintiffs") for violating Federal Rule of Civil Procedure 11. The Defendants are also seeking relief pursuant to 28 U.S.C. § 1927 against Plaintiffs' counsel. For the following reasons, the Defendants' Motion for Sanctions is **DENIED.**

**FACTS AND PROCEDURAL BACKGROUND**

This matter arose out of a motor vehicle accident involving Adam Keys and McLawrence Fuller ("Fuller") on September 27, 2010 in DeSoto Parish. See Record Document 118 at 2. Fuller brought suit against the Defendants in Louisiana's 42nd Judicial District Court. See id. In March 2015, following a jury trial only on the issue of damages, the jury awarded Fuller a $375,835.58 judgment, including an award of interest, costs, expert witness fees, and medical record fees. See Record Document 103-2. The

judgment became final on January 9, 2017 when the Louisiana Supreme Court denied writs of certiorari. See Record Document 131 at 2.

During the pendency of this suit, Defendants learned that various persons and entities asserted liens for sums paid on behalf of, or for services rendered to, Fuller pertaining to the case. See id. Because of the multiple claims to the judgment, Defendants filed a petition for concursus on February 9, 2017 in the personal injury suit. See id. The following day after the concursus was filed, the state court signed a proposed order submitted by Defendants which permitted them to deposit $429,502.84 into the Court's registry. See Record Document 20-14 at 22. The concursus proceeding was ultimately removed to this Court by the United States, one of the defendants-in-concursus, in March 2017. See Record Document 131 at 3.

Despite extensive motion practice in this matter, only two motions are relevant for this ruling. First, on June 28, 2018, Davis Law Firm filed a Motion for Summary Judgment asserting their claim to 40% of the proceeds of the judgment and other fees associated with trial. See Record Document 104. Defendants opposed this motion, arguing Davis Law Firm was seeking recovery of medical record fees that Defendant had already paid. See Record Document 118. The motion for summary judgment was denied as moot upon this Court's order for disbursement of all remaining funds in the Court's registry. See Record Document 130.

The second relevant motion is the Motion for Deposit of Additional Funds also filed June 28, 2018 by Davis Law Firm and Fuller. See Record Document 103. In the motion, Plaintiffs sought the Court to order the Defendants to deposit into the Court's registry an additional sum of $40,542.48, of which included $27,496.52 in unpaid judicial interest,

$9,334.50 in medical expert fees, and $729.47 in medical record expenses. See Record Document 103-1 at 4-5. On December 28, 2018, this Court adopted the Report and Recommendation of Magistrate Judge Hayes finding Defendants liable for $27,496.52 unpaid judicial interest. See Record Document 132.

The Defendants deposited the additional judicial interest, and the interpleader action was fully disbursed on January 18, 2019. See Record Document 134. The only matter remaining before the Court is the instant motion for sanctions filed by Defendants on September 14, 2018. See Record Document 124. Plaintiffs opposed the motion on September 28, 2018. See Record Document 126. Defendants' replied to the opposition on October 4, 2018. See Record Document 127.

## LAW AND ANALYSIS

I. **Sanctions Pursuant to Federal Rule of Civil Procedure 11**

   A. **Rule 11 Legal Standard**

Federal Rule of Civil Procedure 11(a) requires every pleading, written motion, or other paper to be signed by an attorney of record. The signature serves as a representation to the court that all claims are well-grounded in fact and law, and the filings are not being presented for any improper purpose. See Fed. R. Civ. P. 11(b)(1)-(3). Rule 11(c) allows the court to impose an "appropriate sanction" on "any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The purpose of Rule 11 is to "deter baseless filings in district court" and "streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 2454 (1990).

**B. Summary of Defendant's Argument (Record Document 124)**

Defendants assert two primary arguments for imposing sanctions against Plaintiffs. First, Defendants argue Plaintiffs' request for additional judicial interest is barred by *res judicata* and is therefore an impermissible re-litigation of claims. See Record Document 124-1 at 6. However, because the Court resolved this matter, finding it was not barred and ordering Defendants to pay additional judicial interest, this argument is denied as moot and will not be considered by the Court. See Record Document 132.

Defendant's second argument concerns Plaintiffs' duplicitous request for payment of medical record fees, expert fees, and court costs in their Motion for Deposit of Additional Funds and Motion for Summary Judgment both filed June 28, 2018. See Record Document 124-1 at 7. Defendants demonstrated these fees had been paid in their opposition to Plaintiffs' motion filed on August 9, 2018. See Record Documents 121-6 and 121-7. Defendants assert Plaintiffs' continued pursuit of fees already paid was for an improper purpose, namely to increase costs associated with this matter and delay the proceedings. See Record Document 124-1 at 6. This argument will be considered in turn.

**C. Duplicitous Claim for Medical Record Fees, Expert Fees, and Court Costs**

Rule 11 requires the moving party to comply with a "safe harbor" provision prior to filing the motion. The "safe harbor" provision requires the movant to serve a copy of the motion on the offending party at least 21 days before filing the motion with the court. See Fed. R. Civ. P. 11(c)(2). If during the 21-day period, the alleged violation is withdrawn or corrected, the motion should not be filed with the court. See id. The Fifth Circuit has made clear that "strict compliance with Rule 11 is mandatory." In re Pratt, 524 F.3d 580, 588 (5th Cir. 2008).

Defendants certified the motion for sanctions was both mailed and e-mailed to Plaintiffs' counsel on August 15, 2018 in compliance with the safe-harbor provision of Rule 11.[1] See Record Document 127-1. The following day, on August 16, 2018, Plaintiffs conceded, in their reply to Defendants' Opposition to the Deposit of Additional Funds, that Defendants owed no additional amount of money for the fees and court costs. See Record Document 123.

The Federal Rules' Advisory Committee explained "the timely withdrawal of a contention will protect a party against a motion for sanctions." 146 F.R.D. 401, 591 (1993). Therefore, based on the plain language of Rule 11, Plaintiffs' withdrawal of the duplicitous fee claim following receipt of the motion satisfied the safe harbor provision. However, this is not to say the Plaintiffs are immune from all sanctions under Rule 11. The District Court has the authority to order sanctions *sua sponte* after holding a show cause hearing and providing reasons for the sanction. See Fed. R. Civ. P. 11(c)(3). However, the Court declines to do so here.

Plaintiffs may contend that the motion for sanctions should have never been filed if they satisfied the safe harbor provision, but this claim is without merit. The bulk of Defendants' request for sanctions was focused on the claim of judicial interest, not on the duplicitous fees claim. See Record Document 124-1. Furthermore, this Court is vested with significant discretion to impose sanctions, and ultimately this Court concludes neither party's actions warrant sanctions under Rule 11. See Cooter & Gell, 496 U.S. at 400, 110 S.Ct. at 2458, Estiverne v. Saks Fifth Avenue, 9 F.3d 1171, 1174 (5th Cir. 1993) ("The

---

[1] Plaintiffs dispute Defendant's compliance with the safe harbor provision. See Record Documents 126, 126-1, 126-2. However, this dispute is immaterial considering Plaintiffs ultimately complied with Defendant's request.

district court has broad discretion in imposing sanctions reasonably tailored to further the objectives of Rule 11.")

## II. Sanctions Pursuant to 28 U.S.C. § 1927

Title 28, United States Code, Section 1927 provides, in its entirety:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

To award sanctions under § 1927, the court must find the sanctioned attorney both "unreasonably" and "vexatiously" multiplied the proceedings. See F.D.I.C. v. Calhoun, 34 F.3d 1291, 1297 (5th Cir. 1994). To satisfy this burden, the court must have "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 (5th Cir. 2002). This standard, which "focuses on the conduct of the litigation and not on the merits," requires "clear and convincing evidence 'that every facet of the litigation was patently meritless.'" Bryant v. Military Dep't of Miss., 597 F.3d 678, 694 (5th Cir. 2010) (quoting Procter & Gamble Co., 280 F.3d at 526). Furthermore, sanctions under § 1927 are punitive in nature, and courts have strictly construed § 1927 so as not to dampen "the legitimate zeal of an attorney in representing her client." Browning v. Kramer, 931 F.2d 340, 344 (5th Cir. 1991).

Similar to their pursuit of Rule 11 sanctions, Defendants assert the same two arguments for sanctions under § 1927. See Record Document 124-1 at 6. As noted above, the first argument regarding the claims of judicial interest is moot. See Record Document 132.

As to the duplicitous request for the payment of fees, this argument must fail under § 1927 because Defendants cannot prove by clear and convincing evidence Plaintiffs' bad faith or improper motive in seeking this claim. Rather, there is little to no evidence indicating Plaintiffs' bad faith in seeking payment of these fees. Although Plaintiffs certainly should have performed their due diligence before seeking additional payment in their Motion for Summary Judgment and Motion for Deposit of Additional Funds, there is no evidence of bad faith or improper motive. Therefore, Defendants' request for sanctions pursuant to § 1927 is denied.

## CONCLUSION

Based on the foregoing analysis, the Motion for Sanctions (Record Document 124) is **DENIED.** More specifically, Defendants' first argument for sanctions under Rule 11 is **DENIED** as **MOOT** because the Court has since resolved the matter, finding the imposition of judicial interest warranted. See Record Document 132. Defendants' second argument, the duplicitous fee claim, is also **DENIED** because Plaintiffs properly withdrew the claim in compliance with Rule 11's "safe harbor" provision. Accordingly, Defendants' Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 is **DENIED**.

Defendants' request for sanctions under § 1927 is also **DENIED** because Defendants failed to provide evidence of Plaintiff's bad faith or improper motive to unreasonably multiply the proceedings required under § 1927. **IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 24th day of September, 2019.

_/s/ S. Maurice Hicks/_
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT